**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**TERRANCE PROCTOR** **PLAINTIFF**

**v.** **No. 4:26-cv-661-DPM**

**BAPTIST HEALTH, Rehabilitation Institute; THAD COLLINS; CHRYSTAL FULLEN; REBECCA OLIVER; ANGELA COX; KAITLYN BEAVERS; TACARA MOORHEAD; REBECCAH JOYNER; KATHY TITON; RHONDA WOOD; TERRENCE COOPER; and DOES, Patricia, John/Jane Does** **DEFENDANTS**

**ORDER**

**1.** Proctor's application to proceed *in forma pauperis*, *Doc. 1*, is granted. He reports minimal income.

**2.** The Court must screen Proctor's complaint. 28 U.S.C. § 1915(e)(2). He was a patient at Baptist Health Rehabilitation Institute. He alleges significant mistreatment by the doctors, nurses, and other staff. He asserts many claims. He sues under 42 U.S.C. § 1983.

This Court lacks subject matter jurisdiction. Because none of the defendants are state actors, his claims cannot be asserted under § 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). The parties are all Arkansawyers, so there's no diversity jurisdiction. 28 U.S.C. § 1332(a). And Proctor alleges no other federal question. 28 U.S.C. § 1331. The Health Insurance Portability and Accountability Act does

not create a private right of action. *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010).

**3.** Proctor's complaint will be dismissed for lack of subject matter jurisdiction.

So Ordered.

D.P. Marshall Jr.
United States District Judge

31 July 2026